1  **BRIAN T. DUNN, ESQ. (SBN 176502)**
2  Email: bdunn@cochranfirm.com
   **MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
3  Email: mgyongyos@cochranfirm.com
   **THE COCHRAN FIRM CALIFORNIA**
4  4929 Wilshire Boulevard, Suite 1010
5  Los Angeles, California 90010
   Telephone: (323) 435-8205
6  Facsimile: (323) 282-5280
7  *Attorneys for Plaintiffs*

8  **JOHN E. SWEENEY, ESQ. (SBN 116285)**
9  Email: jes@thesweeneyfirm.com
   **THE SWEENEY FIRM**
10 315 South Beverly Drive, Suite 305
11 Beverly Hills, California 90212
   Telephone: (310) 277-9595
12 Facsimile: (310) 277-0177
13 *Attorneys for Plaintiffs*

14

15             **UNITED STATES DISTRICT COURT**

16           **SOUTHERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| TAINA ROZIER, individually and as successor in interest to ALFRED OKWERA OLANGO, deceased; C.O., a minor, individually and as Successor in Interest to ALFRED OKWERA OLANGO, deceased, by and through her Guardian Ad Litem, TAINA ROZIER; and H.C., a minor, individually and as Successor in Interest to ALFRED OKWERA OLANGO, deceased, by and through her Guardian Ad Litem, CELANESE SMALL, <br><br> Plaintiffs, | **CASE NO.: 17-cv-347-BAS-NLS** <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **1. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br><br> **2. Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)** <br><br> **3. Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)** |

vs.

CITY OF EL CAJON, a municipal entity; OFFICER RICHARD GONSALVES, an individual, and DOES 1 through 10, inclusive,

Defendants.

4. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)**

**<u>DEMAND FOR JURY TRIAL</u>**

2

**JURISDICTION AND VENUE**

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2.      Venue is proper in the Southern District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3.      Plaintiff TAINA ROZIER is, and at all relevant times mentioned herein was, a resident of the County of San Diego and State of California. Plaintiff TAINA ROZIER is the surviving spouse of decedent ALFRED OKWERA OLANGO.

4.      Plaintiff TAINA ROZIER is a Successor in Interest to decedent ALFRED OKWERA OLANGO and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff TAINA ROZIER as a Successor in Interest to decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.      Plaintiff C.O., a minor, is, and at all relevant times mentioned herein was, a resident of the County of San Diego and State of California. Plaintiff C.O. is the surviving biological daughter of decedent ALFRED OKWERA OLANGO. Plaintiff C.O. brings this action by and through her mother and Guardian Ad Litem, TAINA ROZIER.

6.      Plaintiff C.O. is a Successor in Interest to decedent ALFRED OKWERA OLANGO and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a

declaration designating Plaintiff C.O. as a Successor in Interest to decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

7.      Plaintiff H.C., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Harris and State of Texas. Plaintiff H.C. is the surviving biological daughter of decedent ALFRED OKWERA OLANGO. Plaintiff H.C. brings this action by and through her mother and Guardian Ad Litem, CELANESE SMALL.

8.      Plaintiff H.C. is a Successor in Interest to decedent ALFRED OKWERA OLANGO and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff H.C. as a Successor in Interest to decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent ALFRED OKWERA OLANGO, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

9.      Defendant CITY OF EL CAJON (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

10.      Plaintiffs are informed and believe, and thereon allege, that Defendant OFFICER RICHARD GONSALVES (hereinafter "OFFICER GONSALVES") is, and at all relevant times mentioned herein was, a resident of the County of San Diego and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant OFFICER GONSALVES was a police officer employed by the Defendant CITY and the El Cajon Police Department, and was acting under

color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department.

11.    Plaintiffs are informed and believe, and thereon allege, that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein were, residents of the County of San Diego and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Officers were police officers employed by the Defendant CITY and the El Cajon Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the El Cajon Police Department.

12.    On or around November 3, 2016, a timely Claim for Damages was submitted to the City of El Cajon in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been denied.

13.    Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this

Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

14.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

15.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

16.     This Complaint concerns a fatal officer-involved shooting incident that occurred during the afternoon hours of Tuesday, September 27, 2016, in or around the 800 block of Broadway in the City of El Cajon, County of San Diego, and State of California. Plaintiffs are informed, believe, and thereupon allege that on the afternoon of September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, responded to a "5150" help call regarding an unarmed, mentally unwell man, later identified as decedent ALFRED OKWERA OLANGO, who was reportedly behaving strangely and had been seen walking into traffic.

17.     At approximately 2:11 p.m. on Tuesday, September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, contacted decedent ALFRED OKWERA OLANGO in the 800 block of Broadway, negligently assessed the circumstances presented to him, and violently confronted ALFRED OKWERA OLANGO by approaching ALFRED

1  OKWERA OLANGO with his firearm drawn and detaining ALFRED OKWERA

2  OLANGO at gunpoint.

3       18.    Both prior to and during the time in which Defendant OFFICER

4  GONSALVES detained decedent ALFRED OKWERA OLANGO at gunpoint,

5  ALFRED OKWERA OLANGO was not armed with any kind of weapon and was

6  not threatening any person. Both prior to and during the time in which Defendant

7  OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint,

8  ALFRED OKWERA OLANGO had not committed and was not suspected of

9  having committed any felony offenses. Both prior to and during the time in which

10  Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at

11  gunpoint, ALFRED OKWERA OLANGO had not committed and was not

12  suspected of having committed a criminal offense involving the infliction or

13  threatened infliction of injury or violence. Both prior to and during the time in

14  which Defendant OFFICER GONSALVES detained ALFRED OKWERA

15  OLANGO at gunpoint, ALFRED OKWERA OLANGO was simply walking around

16  in a driveway/parking lot area behind a local restaurant. At the time that Defendant

17  OFFICER GONSALVES first encountered ALFRED OKWERA OLANGO, it was

18  or should have been apparent to OFFICER GONSALVES that ALFRED OKWERA

19  OLANGO was mentally unwell and/or emotionally disturbed.

20       19.    During the course of the detention of decedent ALFRED OKWERA

21  OLANGO, Defendant OFFICER GONSALVES continued to negligently assess the

22  circumstances presented to him and violently confront ALFRED OKWERA

23  OLANGO. Then, without warning, Defendant OFFICER GONSALVES proceeded

24  to assault and batter ALFRED OKWERA OLANGO by acts which included, but

25  were not limited to, repeatedly and unjustifiably discharging his department-issued

26  firearm at the person of ALFRED OKWERA OLANGO, inflicting multiple gunshot

27  wounds, which proved to be fatal. After surviving for an appreciable period of time

28

following the shooting, ALFRED OKWERA OLANGO died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant OFFICER GONSALVES.

20.     At no time during the course of these events did decedent ALFRED OKWERA OLANGO pose any reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ALFRED OKWERA OLANGO was not armed with any kind of weapon, and posed no reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor to any other individual. Both prior to and during the time in which he was shot dead, ALFRED OKWERA OLANGO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed ALFRED OKWERA OLANGO, OFFICER GONSALVES, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that ALFRED OKWERA OLANGO posed the risk of death or serious bodily injury to any person.

///
///
///
///
///
///
///

**<u>FOR THE FIRST CAUSE OF ACTION</u>**

**(By Plaintiffs TAINA ROZIER, C.O., and H.C., as Successors in Interest to ALFRED OKWERA OLANGO, Deceased, Against Defendant OFFICER RICHARD GONSALVES and DOES 1 through 10 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

21.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

22.    This cause of action is brought on behalf of decedent ALFRED OKWERA OLANGO, by and through his Successors in Interest, Plaintiffs TAINA ROZIER, C.O., and H.C., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to ALFRED OKWERA OLANGO by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

23.    Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant CITY employed Defendant OFFICER GONSALVES. The Defendant CITY provided Defendant OFFICER GONSALVES with an official badge and identification card which designated and described OFFICER GONSALVES as an employee of the Defendant CITY and the El Cajon Police Department.

24.    At all times relevant to the acts and omissions herein alleged, Defendant OFFICER GONSALVES was employed by the Defendant CITY and the El Cajon Police Department, and was acting under color of state law and in the

course and scope of his employment with the Defendant CITY and the El Cajon Police Department.

26. Plaintiffs are informed, believe, and thereupon allege that during the afternoon hours of Tuesday, September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, responded to a "5150" help call regarding an unarmed, mentally unwell man, later identified as decedent ALFRED OKWERA OLANGO, who was reportedly behaving strangely and had been seen walking into traffic.

26. At approximately 2:11 p.m. on Tuesday, September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, contacted decedent ALFRED OKWERA OLANGO in the 800 block of Broadway, and violently confronted ALFRED OKWERA OLANGO by approaching ALFRED OKWERA OLANGO with his firearm drawn and detaining ALFRED OKWERA OLANGO at gunpoint.

27. Both prior to and during the time in which Defendant OFFICER GONSALVES detained decedent ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO was not armed with any kind of weapon and was not threatening any person. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed any felony offenses. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed a criminal offense involving the infliction or threatened infliction of injury or violence. Both prior to and during the time in

1  which Defendant OFFICER GONSALVES detained ALFRED OKWERA
2  OLANGO at gunpoint, ALFRED OKWERA OLANGO was simply walking around
3  in a driveway/parking lot area behind a local restaurant. At the time that Defendant
4  OFFICER GONSALVES first encountered ALFRED OKWERA OLANGO, it was
5  or should have been apparent to OFFICER GONSALVES that ALFRED OKWERA
6  OLANGO was mentally unwell and/or emotionally disturbed.

7     28. Without warning, Defendant OFFICER GONSALVES proceeded to
8  assault and batter decedent ALFRED OKWERA OLANGO by acts which included,
9  but were not limited to, repeatedly and unjustifiably discharging his department-
10  issued firearm at the person of ALFRED OKWERA OLANGO, inflicting multiple
11  gunshot wounds, which proved to be fatal. After surviving for an appreciable period
12  of time following the shooting, ALFRED OKWERA OLANGO died as a direct and
13  proximate result of the gunshot wounds inflicted upon his person by Defendant
14  OFFICER GONSALVES.

15     29. At no time during the course of these events did decedent ALFRED
16  OKWERA OLANGO pose any reasonable or credible threat of death or serious
17  bodily injury to Defendant OFFICER GONSALVES, nor did he do anything to
18  justify the force used against him, and the same was deadly, excessive, unnecessary,
19  and unlawful. Both prior to and during the time in which he was fatally shot,
20  ALFRED OKWERA OLANGO was not armed with any kind of weapon, and posed
21  no reasonable or credible threat of death or serious bodily injury to Defendant
22  OFFICER GONSALVES, nor to any other individual. Both prior to and during the
23  time in which he was shot dead, ALFRED OKWERA OLANGO made no
24  aggressive movements, no furtive gestures, and no physical movements which
25  would suggest to a reasonable police officer that he was armed with any kind of
26  weapon, or had the will, or the ability to inflict substantial bodily harm against any
27  individual. Both prior to and during the time in which Defendant OFFICER
28

GONSALVES shot and killed ALFRED OKWERA OLANGO, OFFICER

GONSALVES, who fired, was not faced with any circumstances which would have

led a reasonable police officer to believe that ALFRED OKWERA OLANGO posed

the risk of death or serious bodily injury to any person.

30.    At all times mentioned herein, Defendant OFFICER GONSALVES

acted under color and pretense of law, and under color of the statutes, ordinances,

regulations, policies, practices, customs, and/or usages of the State of California and

the Defendant CITY. Defendant OFFICER GONSALVES deprived decedent

ALFRED OKWERA OLANGO of the rights, privileges, and/or immunities secured

to him by the Fourth Amendment to the Constitution of the United States and the

laws of the United States, including, but not limited to, the right to be free from

unreasonable governmental seizures of his person.

31.    Decedent ALFRED OKWERA OLANGO had the right to be free from

unreasonable governmental seizures of his person, a right which was secured to

ALFRED OKWERA OLANGO by the provisions of the Fourth Amendment to the

United States Constitution, and by 42 U.S.C. § 1983. All of these interests were

implicated by the wrongful conduct of Defendant OFFICER GONSALVES, which

proximately caused the death of ALFRED OKWERA OLANGO.

32.    Plaintiffs are informed, believe, and thereupon allege, that in

unreasonably seizing the person of decedent ALFRED OKWERA OLANGO, as

described in the foregoing paragraphs of this Complaint, Defendant OFFICER

GONSALVES acted outside the scope of his jurisdiction and without authorization

of law, and acted willfully, maliciously, knowingly, with reckless disregard and

callous indifference to the known consequences of his acts and omissions, and

purposefully with the intent to deprive ALFRED OKWERA OLANGO of his

federally protected rights and privileges, and did in fact violate the aforementioned

1   rights and privileges, thereby warranting punitive and exemplary damages against

2   OFFICER GONSALVES in an amount to be proven at the trial of this matter.

3         33.    As a direct and proximate result of the wrongful, intentional, and

4   malicious acts and omissions of Defendant OFFICER GONSALVES, decedent

5   ALFRED OKWERA OLANGO was shot and killed on September 27, 2016, and

6   suffered great mental and physical pain, suffering, anguish, fright, nervousness,

7   anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior

8   to his death, all to his damage in a sum to be determined at trial.

9         34.    As a further proximate result of the wrongful, intentional, and

10  malicious acts and omissions of Defendant OFFICER GONSALVES, decedent

11  ALFRED OKWERA OLANGO was required to employ, and did in fact employ,

12  health care providers and/or medical practitioners to examine, treat, and care for

13  him, and incurred expenses for medical services and medical treatment and care

14  prior to his death in an amount according to proof at trial.

15        35.    Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and

16  expenses pursuant to 42 U.S.C. § 1988.

17  **FOR THE SECOND CAUSE OF ACTION**

18  **(By Plaintiffs TAINA ROZIER, C.O., and H.C., as Successors in Interest to**

19  **ALFRED OKWERA OLANGO, Deceased, Against Defendant CITY OF EL**

20  **CAJON for Violations of Civil Rights [42 U.S.C. § 1983])**

21  **(Based on an Unconstitutional Policy, Practice, or Custom)**

22        36.    Plaintiffs restate and incorporate by reference the foregoing paragraphs

23  of this Complaint as if set forth in full at this point.

24        37.    This cause of action is brought on behalf of decedent ALFRED

25  OKWERA OLANGO, by and through his Successors in Interest, Plaintiffs TAINA

26  ROZIER, O.C., and H.C., who would, but for his death, be entitled to bring this

27  cause of action, and is set forth herein to redress the deprivation, under color of

28

statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to ALFRED OKWERA OLANGO by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

38.   Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant CITY employed Defendant OFFICER GONSALVES. The Defendant CITY provided Defendant OFFICER GONSALVES with an official badge and identification card which designated and described OFFICER GONSALVES as an employee of the Defendant CITY and the El Cajon Police Department.

39.   At all times relevant to the acts and omissions herein alleged, Defendant OFFICER GONSALVES was employed by the Defendant CITY and the El Cajon Police Department, and was acting under color of law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department.

40.   As set forth in the foregoing paragraphs of this Complaint, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, violated the Fourth Amendment rights of decedent ALFRED OKWERA OLANGO by acts which included, but were not limited to, unreasonably using deadly and excessive force against ALFRED OKWERA OLANGO. As described in this Complaint, the shooting of ALFRED OKWERA OLANGO was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated the Fourth Amendment right of ALFRED OKWERA OLANGO to be free from unreasonable governmental seizures of his person.

41.     Plaintiffs are informed and believe, and thereupon allege, that Defendant OFFICER GONSALVES' shooting of decedent ALFRED OKWERA OLANGO, an unarmed man who posed no reasonable or credible threat of death or serious bodily injury to OFFICER GONSALVES, nor to any other person, demonstrated that OFFICER GONSALVES' training was inadequate to allow him to handle the usual and recurring situations faced by El Cajon Police Department Officers, as evidenced by the following specific actions and omissions of OFFICER GONSALVES in his response to the subject incident:

a.     The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

b.     The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

c. The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

d. The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects whom the officers believe may possibly be armed with a weapon so as to obtain the tactical advantage of distance from a potentially armed threat. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

e. The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

FIRST COMPLAINT FOR DAMAGES

17-CV-347-BAS-NLS

f.    The tactical standard of care for law enforcement agencies similarly situated to the El Cajon Police Department is for law enforcement officers employed by such agencies to fire in controlled bursts when using deadly force, and to stop and reassess their target, back drop, and fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed decedent ALFRED OKWERA OLANGO, he acted in flagrant contravention of this well established standard of care.

42.    Plaintiffs are informed and believe, and thereupon allege, that prior to September 27, 2016, Defendant OFFICER GONSALVES received training and instruction in police tactics and procedures from the El Cajon Police Department in ways which included, but were not limited to, his attendance at a police academy, his attendance at departmental briefings, his attendance at mandatory and voluntary training seminars, his attendance at roll call at his respective station(s) prior to his assigned shift(s), his receipt of departmental training manuals, his receipt of departmental training bulletins, and his receipt of additional departmental correspondence and electronic mails.

43.    Both prior to and on September 27, 2016, encounters with suspects and civilians, such as decedent ALFRED OKWERA OLANGO, were common among El Cajon Police Department officers similarly situated to Defendant OFFICER GONSALVES, and such encounters were a recurring situation faced by El Cajon Police Department officers similarly situated to OFFICER GONSALVES.

44.    Plaintiffs are informed and believe, and thereupon allege, that those individuals responsible for training Defendant OFFICER GONSALVES, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors,

sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the El Cajon Police Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to OFFICER GONSALVES would be that unarmed and non-dangerous persons, such as decedent ALFRED OKWERA OLANGO, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

45.     Plaintiffs are further informed and believe, and thereupon allege, that notwithstanding the fact that the training personnel responsible for training Defendant OFFICER GONSALVES, including, but not limited to, his respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the El Cajon Police Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to officers similarly situated to OFFICER GONSALVES would be that unarmed and non-dangerous persons, such as decedent ALFRED OKWERA OLANGO, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

46.     Plaintiffs are informed, believe, and thereupon allege that the failure of the El Cajon Police Department to provide adequate training to Defendant OFFICER GONSALVES, as described in the foregoing paragraphs of this

Complaint, caused decedent ALFRED OKWERA OLANGO to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force.

47.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER GONSALVES, decedent ALFRED OKWERA OLANGO was shot and killed on September 27, 2016, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

48.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant OFFICER GONSALVES, decedent ALFRED OKWERA OLANGO was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for medical services and medical treatment and care prior to his death in an amount according to proof at trial.

49.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE THIRD CAUSE OF ACTION

### (By All Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])

### (Based on Battery)

50.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51.     All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

FIRST COMPLAINT FOR DAMAGES

17-cv-347-BAS-NLS

52.     Plaintiffs are informed, believe, and thereupon allege that during the afternoon hours of Tuesday, September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, responded to a "5150" help call regarding an unarmed, mentally unwell man, later identified as decedent ALFRED OKWERA OLANGO, who was reportedly behaving strangely and had been seen walking into traffic.

53.     At approximately 2:11 p.m. on Tuesday, September 27, 2016, Defendant OFFICER GONSALVES, while acting under color of state law and in the course and scope of his employment with the Defendant CITY and the El Cajon Police Department, contacted decedent ALFRED OKWERA OLANGO in the 800 block of Broadway, and violently confronted ALFRED OKWERA OLANGO by approaching ALFRED OKWERA OLANGO with his firearm drawn and detaining ALFRED OKWERA OLANGO at gunpoint.

54.     Both prior to and during the time in which Defendant OFFICER GONSALVES detained decedent ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO was not armed with any kind of weapon and was not threatening any person. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed any felony offenses. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed a criminal offense involving the infliction or threatened infliction of injury or violence. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO was simply walking around

in a driveway/parking lot area behind a local restaurant. At the time that Defendant OFFICER GONSALVES first encountered ALFRED OKWERA OLANGO, it was or should have been apparent to OFFICER GONSALVES that ALFRED OKWERA OLANGO was mentally unwell and/or emotionally disturbed.

55.     During the course of the detention of decedent ALFRED OKWERA OLANGO, Defendant OFFICER GONSALVES continued to violently confront ALFRED OKWERA OLANGO. Then, without warning, Defendant OFFICER GONSALVES proceeded to assault and batter decedent ALFRED OKWERA OLANGO by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of ALFRED OKWERA OLANGO, inflicting multiple gunshot wounds, which proved to be fatal.

56.     As a direct and proximate result of the above-mentioned conduct of Defendant OFFICER GONSALVES, decedent ALFRED OKWERA OLANGO was shot on September 27, 2016. After surviving for an appreciable period of time following the shooting, ALFRED OKWERA OLANGO died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant OFFICER GONSALVES.

57.     At no time during the course of these events did decedent ALFRED OKWERA OLANGO pose any reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ALFRED OKWERA OLANGO was not armed with any kind of weapon, and posed no reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor to any other individual. Both prior to and during the time in which he was shot dead, ALFRED OKWERA OLANGO made no aggressive movements, no furtive gestures, and no physical movements which

1   would suggest to a reasonable police officer that he was armed with any kind of

2   weapon, or had the will, or the ability to inflict substantial bodily harm against any

3   individual. Both prior to and during the time in which Defendant OFFICER

4   GONSALVES shot and killed ALFRED OKWERA OLANGO, OFFICER

5   GONSALVES, who fired, was not faced with any circumstances which would have

6   led a reasonable police officer to believe that ALFRED OKWERA OLANGO posed

7   the risk of death or serious bodily injury to any person.

8       58.    Plaintiffs are informed, believe, and thereupon allege, that in shooting

9   decedent ALFRED OKWERA OLANGO, as described in the foregoing paragraphs

10  of this Complaint, Defendant OFFICER GONSALVES acted outside the scope of

11  his jurisdiction and without authorization of law, and acted willfully, maliciously,

12  knowingly, with reckless disregard and callous indifference to the known

13  consequences of his acts and omissions, and purposefully with the intent to deprive

14  ALFRED OKWERA OLANGO of his protected rights and privileges, and did in

15  fact violate the aforementioned rights and privileges, thereby warranting punitive

16  and exemplary damages against OFFICER GONSALVES in an amount to be

17  proven at the trial of this matter.

18      59.    As a direct and proximate result of the above-described conduct of

19  Defendant OFFICER GONSALVES, and the ensuing death of decedent ALFRED

20  OKWERA OLANGO, ALFRED OKWERA OLANGO's heirs, the Plaintiffs herein,

21  have sustained substantial economic and non-economic damages resulting from the

22  loss of the love, companionship, comfort, care, assistance, protection, affection,

23  society, moral support, training, guidance, services, earnings, and support of

24  ALFRED OKWERA OLANGO in an amount according to proof at trial.

25      60.    As a further proximate result of the above-described conduct of

26  Defendant OFFICER GONSALVES, and the ensuing death of decedent ALFRED

27

28

FIRST COMPLAINT FOR DAMAGES

17-CV-347-BAS-NLS

1  OKWERA OLANGO, Plaintiffs have incurred funeral and burial expenses in an

2  amount according to proof at trial.

### FOR THE FIFTH CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Wrongful Death [Cal.**

**Government Code §§ 815.2(a), 820(a)])**

**(Based on Negligence)**

7      61.    Plaintiffs restate and incorporate by reference the foregoing paragraphs

8  of this Complaint as if set forth in full at this point.

9      62.    All claims asserted herein against the Defendant CITY are presented

10  pursuant to the CITY's vicarious liability for acts and omissions of municipal

11  employees undertaken in the course and scope of their employment pursuant to

12  California Government Code §§ 815.2(a) and 820(a).

13      63.    Plaintiffs are informed, believe, and thereupon allege that on the

14  afternoon of September 27, 2016, Defendant OFFICER GONSALVES, while acting

15  under color of state law and in the course and scope of his employment with the

16  Defendant CITY and the El Cajon Police Department, responded to a "5150" help

17  call regarding an unarmed, mentally unwell man, later identified as decedent

18  ALFRED OKWERA OLANGO, who was reportedly behaving strangely and had

19  been seen walking into traffic.

20      64.    At approximately 2:11 p.m. on Tuesday, September 27, 2016,

21  Defendant OFFICER GONSALVES, while acting under color of state law and in

22  the course and scope of his employment with the Defendant CITY and the El Cajon

23  Police Department, contacted decedent ALFRED OKWERA OLANGO in the 800

24  block of Broadway, negligently assessed the circumstances presented to him, and

25  violently confronted ALFRED OKWERA OLANGO by approaching ALFRED

26  OKWERA OLANGO with his firearm drawn and detaining ALFRED OKWERA

27  OLANGO at gunpoint.

28

65.     Both prior to and during the time in which Defendant OFFICER GONSALVES detained decedent ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO was not armed with any kind of weapon and was not threatening any person. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed any felony offenses. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO had not committed and was not suspected of having committed a criminal offense involving the infliction or threatened infliction of injury or violence. Both prior to and during the time in which Defendant OFFICER GONSALVES detained ALFRED OKWERA OLANGO at gunpoint, ALFRED OKWERA OLANGO was simply walking around in a driveway/parking lot area behind a local restaurant. At the time that Defendant OFFICER GONSALVES first encountered ALFRED OKWERA OLANGO, it was or should have been apparent to OFFICER GONSALVES that ALFRED OKWERA OLANGO was mentally unwell and/or emotionally disturbed.

66.     During the course of the detention of decedent ALFRED OKWERA OLANGO, Defendant OFFICER GONSALVES continued to negligently assess the circumstances presented to him and violently confront ALFRED OKWERA OLANGO. Then, without warning, Defendant OFFICER GONSALVES proceeded to negligently discharge his department-issued firearm at the person of ALFRED OKWERA OLANGO, inflicting multiple gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time following the shooting, ALFRED OKWERA OLANGO died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by Defendant OFFICER GONSALVES.

67.    At no time during the course of these events did decedent ALFRED OKWERA OLANGO pose any reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, ALFRED OKWERA OLANGO was not armed with any kind of weapon, and posed no reasonable or credible threat of death or serious bodily injury to Defendant OFFICER GONSALVES, nor to any other individual. Both prior to and during the time in which he was shot dead, ALFRED OKWERA OLANGO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant OFFICER GONSALVES shot and killed ALFRED OKWERA OLANGO, OFFICER GONSALVES, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that ALFRED OKWERA OLANGO posed the risk of death or serious bodily injury to any person.

68.    Plaintiffs are informed and believe, and thereupon allege, that on and before September 27, 2016, Defendant OFFICER GONSALVES had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain unarmed civilians and suspects who do not pose an immediate threat of death or serious bodily injury to any person. Notwithstanding each of these duties, Defendant OFFICER GONSALVES failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and

inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the detention of decedent ALFRED OKWERA OLANGO, negligently failing to utilize available forms of cover and concealment during the detention of ALFRED OKWERA OLANGO, negligently failing to maintain a position of tactical advantage during the detention of ALFRED OKWERA OLANGO, negligently failing to communicate and/or effectively communicate with other departmental personnel and resources during the detention of ALFRED OKWERA OLANGO, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the detention of ALFRED OKWERA OLANGO, negligently failing to deescalate the situation involving ALFRED OKWERA OLANGO, negligently employing a tactical response to the situation involving ALFRED OKWERA OLANGO that resulted in the unnecessary and preventable shooting of ALFRED OKWERA OLANGO, negligently failing to determine the fact that ALFRED OKWERA OLANGO was unarmed and posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon ALFRED OKWERA OLANGO, as described herein, and negligently employing deadly force against ALFRED OKWERA OLANGO when the same was unnecessary and unlawful. All of these negligent acts proximately caused ALFRED OKWERA OLANGO's death on September 27, 2016.

69.    As a proximate result of the above-described conduct of the Defendants, and each of them, decedent ALFRED OKWERA OLANGO was shot and killed on September 27, 2016.

70.    As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent ALFRED OKWERA OLANGO, ALFRED OKWERA OLANGO's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the

loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of ALFRED OKWERA OLANGO in an amount according to proof at trial.

71.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent ALFRED OKWERA OLANGO, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For general and special damages in an amount according to proof at trial;

3.     For medical and related expenses according to proof at trial;

4.     For costs of suit incurred herein;

5.     For attorneys' fees incurred herein, as provided by law;

6.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial;

7.     For such other and further relief as the Court deems just and proper.

///
///
///
///
///
///
///
///
///

## <u>JURY DEMAND</u>

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

DATED: April 14, 2017   Respectfully submitted,

         **THE COCHRAN FIRM CALIFORNIA**

         By: /s/ Brian T. Dunn
           BRIAN T. DUNN
           Email: bdunn@cochranfirm.com
           MEGAN R. GYONGYOS
           Email: bdunn@cochranfirm.com
           Attorneys for Plaintiffs, TAINA ROZIER,
           C.O., and H.C.

DATED: April 14, 2017   Respectfully submitted,

         **THE SWEENEY FIRM**

         By: /s/ John E. Sweeney
           JOHN E. SWEENEY
           Email: jes@thesweeneyfirm.com
           Attorneys for Plaintiffs, TAINA ROZIER,
           C.O., and H.C.

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

3052016195611 — STATE FILE NUMBER

**CERTIFICATE OF DEATH**

3201637016688 — LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | ALFRED |
| 2. MIDDLE | OKWERA |
| 3. LAST (Family) | OLANGO |
| 4a. AKA, ALSO KNOWN AS—INCLUDE AKA (FIRST, MIDDLE, LAST) | |
| 5. DATE OF BIRTH mm/dd/ccyy | 1978 |
| 6. AGE Yrs | 38 |
| 8. SEX | M |
| 10. SOCIAL SECURITY NUMBER | 3890 |
| 11. EVER IN U.S. ARMED FORCES? | UNK |
| 12. MARITAL STATUS | MARRIED |
| 13. DATE OF DEATH mm/dd/ccyy | 09/27/2016 |
| 14. HOUR (24 Hrs) | 1545 |
| 7. BIRTH STATE/FOREIGN COUNTRY | UGANDA |
| 15. EDUCATION | HS GRADUATE |
| 16. DECEDENT HISPANIC/LATINO/SPANISH? | NO |
| 17. DECEDENT'S RACE | BLACK |
| 18. USUAL OCCUPATION | COOK |
| 19. KIND OF BUSINESS OR INDUSTRY | RESTAURANT |
| 20. YEARS IN OCCUPATION | 5 |

**USUAL RESIDENCE**

| Field | Value |
|---|---|
| 21. DECEDENT'S RESIDENCE (Street and number, or location) | 6625 GARBER AVENUE |
| 22. CITY | SAN DIEGO |
| 23. COUNTY/PROVINCE | SAN DIEGO |
| 24. ZIP CODE | 92139 |
| 25. YEARS IN COUNTY | 25 |
| 26. STATE/FOREIGN COUNTRY | CA |

**INFORMANT**

| Field | Value |
|---|---|
| 27. INFORMANT'S NAME, RELATIONSHIP | TANIA CHARI ROZIER, SPOUSE |
| 28. INFORMANT'S MAILING ADDRESS | 12707 MAPLEVIEW STREET UNIT 48, LAKESIDE, CA 92040 |

**SPOUSE/SDP AND PARENT INFORMATION**

| Field | Value |
|---|---|
| 29. NAME OF SURVIVING SPOUSE/SDP—FIRST | TANIA |
| 29a. MIDDLE | CHARI |
| 29b. LAST (BIRTH NAME) | ROZIER |
| 31. NAME OF FATHER/PARENT—FIRST | RICHARD |
| 32. MIDDLE | OLANGO |
| 33. LAST | ABUKA |
| 34. BIRTH STATE | UGANDA |
| 35. NAME OF MOTHER/PARENT—FIRST | AMELA |
| 36. MIDDLE | |
| 37. LAST (BIRTH NAME) | BENGE |
| 38. BIRTH STATE | UGANDA |

**FUNERAL DIRECTOR/ LOCAL REGISTRAR**

| Field | Value |
|---|---|
| 39. DISPOSITION DATE mm/dd/ccyy | 10/09/2016 |
| 40. PLACE OF FINAL DISPOSITION | GREENWOOD MEMORIAL PARK 4300 IMPERIAL AVENUE, SAN DIEGO, CA 92113 |
| 41. TYPE OF DISPOSITION(S) | BU |
| 42. SIGNATURE OF EMBALMER | CORWIN HARRIS |
| 43. LICENSE NUMBER | EMB9113 |
| 44. NAME OF FUNERAL ESTABLISHMENT | PREFERRED CREMATION AND BURIAL |
| 45. LICENSE NUMBER | FD1746 |
| 46. SIGNATURE OF LOCAL REGISTRAR | WILMA J. WOOTEN, MD MPH |
| 47. DATE mm/dd/ccyy | 10/07/2016 |

**PLACE OF DEATH**

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | SHARP MEMORIAL HOSPITAL |
| 102. IF HOSPITAL, SPECIFY ONE | ER |
| 103. COUNTY | SAN DIEGO |
| 104. FACILITY ADDRESS OR LOCATION WHERE FOUND | 7901 FROST STREET |
| 105. CITY | SAN DIEGO |

**CAUSE OF DEATH**

| Field | Value |
|---|---|
| 107. CAUSE OF DEATH — IMMEDIATE CAUSE (A) | MULTIPLE GUNSHOT WOUNDS |
| Sequentially list conditions (B) | |
| (C) | |
| (D) | |
| 108. TIME INTERVAL Onset and Death | MINS |
| 109. DEATH REPORTED TO CORONER? | YES |
| 110. BIOPSY PERFORMED? | YES |
| 111. AUTOPSY PERFORMED? | YES |
| 112. USED IN DETERMINING CAUSE? | YES |
| Coroner Case No. | 16-02251 |
| 111. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | NONE |
| 112. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 111? (If yes, list type of operation and date.) | NO |
| 112a. IF FEMALE, PREGNANT IN LAST YEAR? | UNK |

**PHYSICIAN'S CERTIFICATION**

| Field | Value |
|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since / Decedent Last Seen Alive | |
| 115. SIGNATURE AND TITLE OF CERTIFIER | |
| 116. LICENSE NUMBER | |
| 117. DATE mm/dd/ccyy | |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | |

**CORONER'S USE ONLY**

| Field | Value |
|---|---|
| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | |
| 120. MANNER OF DEATH | Homicide |
| 121. INJURED AT WORK? | NO |
| 122. INJURY DATE mm/dd/ccyy | 09/27/2016 |
| 123. HOUR (24 Hours) | 1410 |
| 124. PLACE OF INJURY | STREET |
| 125. DESCRIBE HOW INJURY OCCURRED | SHOT BY ON DUTY OFFICER(S) |
| 126. LOCATION OF INJURY (Street and number, or location, and city, and zip) | 833 BROADWAY, EL CAJON, CA 92021 |
| 127. SIGNATURE OF CORONER / DEPUTY CORONER | JONATHAN LUCAS |
| 128. DATE mm/dd/ccyy | 09/29/2016 |
| 129. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | JONATHAN LUCAS, MD, DME |

STATE REGISTRAR — A B C D E F

FAX AUTH# — CENSUS TRACT

*10001003357716*

CASANDIED1

County of San Diego –Health & Human Services Agency – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

DATE ISSUED: October 12, 2016

*Wilma J. Wooten, M.D.*

WILMA J. WOOTEN, M.D., M.P.H.
REGISTRAR OF VITAL RECORDS
County of San Diego




A003074845



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**DECLARATION OF TAINA ROZIER**

1.      The decedent's name who is the subject of this action for wrongful death is ALFRED OLANGO.

2.      On September 27, 2016, ALFRED OLANGO was killed in an officer involved shooting by an agent of the El Cajon Police Department occurring in or around the 800 block of Broadway in the City of El Cajon, County of San Diego, State of California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure), and am authorized to act on behalf of the decedent's successor in interest with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _02/20/2017_

_____
TAINA ROZIER, declarant

**DECLARATION OF CELANESE SMALL**

1.      The decedent's name who is the subject of this action for wrongful death is ALFRED OLANGO.

2.      On September 27, 2016, ALFRED OLANGO was killed in an officer involved shooting by an agent of the El Cajon Police Department occurring in or around the 800 block of Broadway in the City of El Cajon, County of San Diego, State of California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 2-2-17                        _____
                                     CELANESE SMALL, declarant