1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAINA ROZIER, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF EL CAJON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-00347-BAS-NLS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

The City of El Cajon ("City") brings this Motion to Dismiss arguing that Plaintiffs have failed to allege sufficient facts to support municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). (ECF No. 10.)  The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court concludes the First Amended Complaint ("FAC") (ECF No. 5) does allege sufficient facts to withstand a Rule 12(b)(6) challenge and hence **DENIES** the Motion to Dismiss.  (ECF No. 10.)

## I      STATEMENT OF FACTS

Tania Rozier is the surviving spouse of Alfred Olango, shot multiple times and killed by Officer Richard Gonsalves of the El Cajon Police Department. (FAC ¶¶ 3, 19.) She brings this case on behalf of herself, her deceased husband, and her surviving minor daughter, Plaintiff C.O. (*Id.* ¶¶ 4-5.) Plaintiff H.C., Mr. Olango's other surviving minor daughter, brings this action by and through her mother and Guardian Ad Litem, Celanese Small. (*Id.* ¶ 7).

On September 27, 2016, Officer Gonsalves responded to a "'5150' help call regarding an unarmed, mentally unwell man." (FAC ¶ 16.) According to the FAC, at the time, Mr. Olango was not armed, not threatening anyone, and "had not committed and was not suspected of having committed any felony offenses" or any offenses "involving the infliction or threatened infliction of injury or violence." (*Id.* ¶ 18.) The FAC states that Mr. Olango at no time posed "any reasonable or credible threat of death or serious bodily injury to . . . Officer Gonsalves nor did he do anything to justify the force used against him." (*Id.* ¶ 20.)

Plaintiffs allege that Officer Gonsalves's shooting of "an unarmed man who posed no reasonable or credible threat of death or serious bodily injury to Officer Gonsalves, nor to any other person, demonstrated that Officer Gonsalves' training was inadequate to allow him to handle the usual and recurring situations faced by El Cajon Police Department Officers." (FAC ¶ 41.) Specifically, Plaintiffs allege that Officer Gonsalves should have been trained: (1) to wait for additional officers, other departmental personnel, or other resources before approaching and/or attempting to detain a mentally unwell individual; (2) to issue "clear and intelligible" commands or warnings before using deadly force; (3) to "use all available forms of cover and concealment when confronted with the possibility of using deadly force"; (4) to "keep a safe distance from suspects whom the officers believe may possibly be armed with a weapon"; (5) to use "cover, concealment, distance, additional department personnel, available illumination, and available communication to accurately assess

the level of the threat posed by a suspect"; and (6) to "fire in controlled bursts when using deadly force and to stop and reassess their target, back drop and fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire." (*Id.* ¶ 41.)

The FAC alleges that the above training was the "tactical standard of care for law enforcement agencies similarly situated to the City of El Cajon" (FAC ¶ 41), that the City failed to train Officer Gonsalves in these tactics (*id.* ¶ 46), and that those who trained Officer Gonsalves knew or should have known that the failure to teach the above tactics would result in persons like Mr. Olango suffering "constitutional deprivations from the unreasonable and excessive use of deadly force." (*Id.* ¶ 44.) And that, as a result of this failure of training, Mr. Olango did, in fact, suffer from Officer Gonsalves's unreasonable use of deadly force. (*Id.* ¶ 46.)

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B.     Municipal Liability

A municipality generally is not liable for the unconstitutional conduct of its employees. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). "[A] municipality can be found liable under §1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378 (1989) (emphasis original) (citing *Monell*). "[I]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under §1983." *Id*. (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987)).

Thus, under *Monell*, in order to allege a §1983 claim against a municipality, a plaintiff must allege:  (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy that amounted to deliberate indifference of plaintiff's constitutional right; and (3) the policy was the moving force behind the constitutional violation that injured the plaintiff. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. Sch. Dist. No. 40 County of Yamhill*, 130 F.3d 432,

438 (9th Cir. 1997)). The complaint "may not simply recite the elements of [this] cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Johnson v. Shasta County*, 83 F. Supp. 3d 918, 930 (E.D. Cal. 2015) (quoting *A.E. ex rel Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

The failure of a municipality to train its employees "may amount to a policy of deliberate indifference" such that liability under *Monell* has been sufficiently alleged "if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." *Dougherty*, F.3d at 900 (citing *Harris*, 489 U.S. at 390). "Mere negligence in training or supervision, however," is insufficient. *Id.*

## III. ANALYSIS

The City does not argue that the Complaint alleges insufficient facts to show that Plaintiffs were deprived of a constitutional right. Instead, the City argues that, under *Monell*, it is not responsible for this constitutional violation. The City claims there are insufficient allegations that the City had a policy that amounted to "deliberate indifference." (Mot. at 5-6.)

Assuming the facts alleged in the FAC are true, which the Court must do at this stage of the proceedings, the City failed to adequately train Officer Gonsalves in how to approach a mentally unwell individual like Mr. Olango who posed no reasonable or credible threat of death or bodily injury to any individual. (FAC ¶ 41.) According to the FAC, the fact that Officer Gonsalves shot and killed Mr. Olango, who was unarmed, had committed no felony or offense involving infliction or threat of injury or violence, and posed no risk of harm to another individual "demonstrate[s] that Officer Gonsalves' training was inadequate to allow him to handle the usual and recurring situations faced by El Cajon Police Department Officers." (*Id.* ¶ 41).

Other courts have found these allegations alone sufficient to establish liability under *Monell*. For example, allegations that an individual was shot and killed and

that this incident is representative of police officers who were "not prepared nor trained to deal with this situation particularly involving an acutely distressed person with clear mental health and/or intoxication issues including a possible threat of self injury or suicide . . . may well give rise to an 'obvious' need for training." *See Aguilar v. City of South Gate*, No. 2:12-cv-10669-ODW (PLA), 2013 WL 300914, at *4 (C.D. Cal. Jan 25, 2013). Similarly, the Supreme Court stated:

> [f]or example, city policy makers know to a moral certainty that their police officers will be required to arrest fleeing felons. The city has armed its officers with firearms, in part to allow them to accomplish this task. Thus, the need to train officers in the constitutional limits on the use of deadly force [citation omitted] can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights.

*City of Canton v. Harris*, 489 U.S. at 390 n.10.

However, in this case, the FAC goes on to list the training alleged to be inadequate. Specifically, the FAC claims that Officer Gonsalves should have been trained: (1) to wait for additional officers, other departmental personnel, or other resources before approaching and/or attempting to detain a mentally unwell individual; (2) to issue "clear and intelligible" commands or warnings before using deadly force; (3) to "use all available forms of cover and concealment when confronted with the possibility of using deadly force"; (4) to "keep a safe distance from suspects whom the officers believe may possibly be armed with a weapon"; (5) to use "cover, concealment, distance, additional department personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect"; and (6) to "fire in controlled bursts when using deadly force and to stop and reassess their target, back drop, and fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire." (FAC ¶ 41.) And, the FAC alleges, as a result of this failure to train, Mr. Olango was needlessly killed. (*Id.* ¶ 46.)

The allegations give the City sufficient notice of the factual basis for the claims that the City's lack of training resulted in deliberate indifference to Plaintiffs' rights. The factual allegations go beyond simply a formulaic recitation of the elements. Whether these factual allegations can be proven is not ripe for adjudication at this stage of the proceedings, but, as alleged, these allegations are sufficient to state a cause of action pursuant to *Monell*.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the City's Motion to Dismiss. (ECF No. 10.)

**IT IS SO ORDERED.**

**DATED: August 28, 2017**

Hon. Cynthia Bashant
United States District Judge