Daley & Heft, LLP
Attorneys at Law
Mitchell D. Dean, Esq. (SBN 128926)
Lee H. Roistacher, Esq. (SBN 179619)
Heather E. Paradis, Esq. (SBN 276650)
462 Stevens Avenue, Suite 201
Solana Beach, CA  92075
Telephone:  (858) 755-5666
Facsimile:  (858) 755-7870
E-mail:  mdean@daleyheft.com
          lroistacher@daleyheft.com
          hparadis@daleyheft.com

Attorneys for Defendants
CITY OF EL CAJON and OFFICER
RICHARD GONSALVES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAINA ROZIER, individually and as successor in interest to ALFRED OKWERA OLANGO, deceased; C.O., a minor, individually and as Successor in Interest to ALFRED OKWERA OLANGO, deceased, by and through her Guardian Ad Litem, TAINA ROZIER; and H.C., a minor, individually and as Successor in Interest to ALFRED OKWERA OLANGO, deceased, by and through her Guardian Ad Litem, CELANESE SMALL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF EL CAJON, a municipal entity; OFFICER RICHARD GONSALVES, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 3:17-cv-00347-BAS-NLS (related to Case No. 3:17-cv-00089-BAS-NLS) <br><br> **ANSWER BY DEFENDANT CITY OF EL CAJON TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Courtroom:  4B <br> Judge:        Judge Cynthia Bashant <br> Magistrate:  Judge Nita L. Stormes <br><br> Complaint Filed: February 21, 2017 <br> Trial Date: None set <br><br> **DEMAND FOR JURY TRIAL** |

## RESPONSE TO FACTUAL ALLEGATIONS

1.     Answering paragraph 1 of the first amended complaint, Defendant City of El Cajon, without admitting the allegations in the first amended

complaint are true and given the affirmative defenses to the allegations of the first amended complaint, admit that this court has jurisdiction over this lawsuit.

2.      Answering paragraph 2 of the first amended complaint, Defendant City of El Cajon without admitting the allegations in the first amended complaint are true, and given the affirmative defenses to the allegations of the first amended complaint, admit that this court is the correct venue for this lawsuit.

3.      Answering paragraph 3 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

4.      Answering paragraph 4 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

5.      Answering paragraph 5 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

6.      Answering paragraph 6 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

7.      Answering paragraph 7 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

8.      Answering paragraph 8 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

9.      Answering paragraph 9 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

10.     Answering paragraph 10 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

11. Answering paragraph 11 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

12. Answering paragraph 12 of the first amended complaint, Defendant City of El Cajon admits the allegation contained in this paragraph.

13. Answering paragraph 13 of the first amended complaint, Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the allegations in this paragraph.

14. Answering paragraph 14 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

15. Answering paragraph 15 of the first amended complaint, Defendant City of El Cajon admits that Richard Gonsalves was an employee of the City of El Cajon at the time of the incident. Defendant City of El Cajon does not have sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph.

16. Answering paragraph 16 of the first amended complaint, Defendant City of El Cajon admits that while Gonsalves was working as an El Cajon police officer on September 27, 2016, he responded to a call of a person, who was later identified as Olango, walking in and out of traffic near Broadway and Mollison Avenue in the City of El Cajon. Defendant City of El Cajon denies all other allegations contained in this paragraph.

17. Answering paragraph 17 of the first amended complaint, Defendant City of El Cajon admits that at or around 2:11 p.m. on September 27, 2017, while Gonsalves was working as an El Cajon police officer, he located a person

matching the description received from dispatch, later identified as Olango. Defendant City of El Cajon admits that Gonsalves eventually drew his firearm after interacting with Olango.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

18.    Answering paragraph 18 of the first amended complaint, Defendant City of El Cajon admits only that Olango was not armed with a "weapon", but Gonsalves was not aware that Olango did not have any weapons on his person until after the incident occurred.  Defendant City of El Cajon admits that Olango was walking around and near a parking lot near a taco shop before the incident occurred.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

19.    Answering paragraph 19 of the first amended complaint, Defendant City of El Cajon admits that Gonsalves fired his firearm at Olango, that Olango was struck by the bullets fired by Gonsalves, and that Olango subsequently died. Defendant City of El Cajon denies all other allegations contained in this paragraph.

20.    Answering paragraph 20 of the first amended complaint, Defendant City of El Cajon admits that Olango was not armed with a "weapon."  Defendant City of El Cajon denies all other allegations contained in this paragraph.

21.    Answering paragraph 21 of the first amended complaint, Defendant City of El Cajon avers that no response is necessary to this paragraph as it does not contain any substantive or factual allegations.  However, Defendant City of El Cajon reasserts its responses to paragraphs 1-20.

22.    Answering paragraph 22 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion to which no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

4

23.     Answering paragraph 23 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

24.     Answering paragraph 24 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

25.     Answering paragraph 25 of the first amended complaint, Defendant City of El Cajon admits that while Gonsalves was working as an El Cajon police officer on September 27, 2016, he responded to a call of a person, who was later identified as Olango, walking in and out of traffic near Broadway and Mollison Avenue in the City of El Cajon.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

26.     Answering paragraph 26 of the first amended complaint, Defendant City of El Cajon admits that at or around 2:11 p.m. on September 27, 2017, while Gonsalves was working as an El Cajon police officer, he located a person matching the description received from dispatch, later identified as Olango. Defendant City of El Cajon admits that Gonsalves eventually drew his firearm after interacting with Olango.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

27.     Answering paragraph 27 of the first amended complaint, Defendant City of El Cajon admits that Olango was not armed with a "weapon."  Defendant City of El Cajon denies all other allegations contained in this paragraph.

28.     Answering paragraph 28 of the first amended complaint, Defendant City of El Cajon admits that Gonsalves fired his firearm at Olango, that Olango was struck by the bullets fired by Gonsalves, and that Olango subsequently died. Defendant City of El Cajon denies all other allegations contained in this paragraph.

29.     Answering paragraph 29 of the first amended complaint, Defendant City of El Cajon admits that Olango was not armed with a "weapon."  Defendant City of El Cajon denies all other allegations contained in this paragraph.

30.     Answering paragraph 30 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion to which no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

31.     Answering paragraph 31 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion to which no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

32.     Answering paragraph 32 of the first amended complaint, Defendant City of El Cajon denies each and every allegation contained in this paragraph.

33.     Answering paragraph 33 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

34.     Answering paragraph 34 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

35.     Answering paragraph 35 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations.  Thus, no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

36.     Answering paragraph 36 of the first amended complaint, Defendant City of El Cajon avers that no response is necessary to this paragraph as it does not contain any substantive or factual allegations.  However, Defendant City of El Cajon reasserts its responses to paragraphs 1-35.

37.     Answering paragraph 37 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal

conclusion to which no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

38.  Answering paragraph 38 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

39.  Answering paragraph 39 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

40.  Answering paragraph 40 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

41.  Answering paragraph 41 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

a.  Answering paragraph 41(a) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

b.  Answering paragraph 41(b) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

c.  Answering paragraph 41(c) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

d.  Answering paragraph 41(d) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

e.  Answering paragraph 41(e) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

f.  Answering paragraph 41(f) of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

42.  Answering paragraph 42 of the first amended complaint, Defendant City of El Cajon admits the allegations contained in this paragraph.

43.  Answering paragraph 43 of the first amended complaint, Defendant City of El Cajon does not have sufficient information to admit or deny the allegations contained in this paragraph.

44. Answering paragraph 44 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations against. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

45. Answering paragraph 45 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

46. Answering paragraph 46 of the first amended complaint, Defendant City of El Cajon denies each and every allegation contained in this paragraph.

47. Answering paragraph 47 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

48. Answering paragraph 48 of the first amended complaint, Defendant City of El Cajon denies the allegations in this paragraph.

49. Answering paragraph 49 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

50. Answering paragraph 50 of the first amended complaint, Defendant City of El Cajon avers that no response is necessary to this paragraph as it does not contain any substantive or factual allegations. However, Defendant City of El Cajon reasserts its responses to paragraphs 1-49.

51.     Answering paragraph 51 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

52.     Answering paragraph 52 of the first amended complaint, Defendant City of El Cajon admits that while Gonsalves was working as an El Cajon police officer on September 27, 2016, he responded to a call of a person, who was later identified as Olango, walking in and out of traffic near Broadway and Mollison Avenue in the City of El Cajon.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

53.     Answering paragraph 53 of the first amended complaint, Defendant City of El Cajon admits that at or around 2:11 p.m. on September 27, 2017, while working as an El Cajon police officer, he located a person matching the description received from dispatch, later identified as Olango.  Defendant Richard Gonsalves admits that he eventually drew his firearm after interacting with Olango.  Defendant Richard Gonsalves denies all other allegations contained in this paragraph.

54.     Answering paragraph 54 of the first amended complaint, Defendant City of El Cajon admits only that Olango was not armed with a "weapon", but Gonsalves was not aware that Olango did not have any weapons on his person until after the incident occurred.  Defendant City of El Cajon admits that Olango was walking around and near a parking lot near a taco shop before the incident occurred.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

55.     Answering paragraph 55 of the first amended complaint, Defendant City of El Cajon admits that Gonsalves fired his firearm at Olango, that Olango

9

was struck by the bullets fired by Gonsalves, and that Olango subsequently died. Defendant City of El Cajon denies all other allegations contained in this paragraph.

56.     Answering paragraph 56 of the first amended complaint, Defendant City of El Cajon denies all allegations contained in this paragraph.

57.     Answering paragraph 57 of the first amended complaint, Defendant City of El Cajon admits that Olango was not armed with a "weapon." Defendant City of El Cajon denies all other allegations contained in this paragraph.

58.     Answering paragraph 58 of the first amended complaint, Defendant City of El Cajon denies the allegations contained in this paragraph.

59.     Answering paragraph 59 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required. However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

60.     Answering paragraph 60 of the first amended complaint, Defendant City of El Cajon does not have sufficient information to admit or deny the allegations regarding funeral and burial expenses. Defendant City of El Cajon denies all other allegations contained in this paragraph.

61.     Answering paragraph 61 of the first amended complaint, Defendant City of El Cajon avers that no response is necessary to this paragraph as it does not contain any substantive or factual allegations. However, Defendant City of El Cajon reasserts its responses to paragraphs 1-60.

62.     Answering paragraph 62 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations. Thus, no response is required. However, to the extent that this paragraph contains

10

substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

63.     Answering paragraph 63 of the first amended complaint, Defendant City of El Cajon admits that while Gonsalves was working as an El Cajon police officer on September 27, 2016, he responded to a call of a person, who was later identified as Olango, walking in and out of traffic near Broadway and Mollison Avenue in the City of El Cajon.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

64.     Answering paragraph 64 of the first amended complaint, Defendant City of El Cajon admits that at or around 2:11 p.m. on September 27, 2017, while Gonsalves was working as an El Cajon police officer, he located a person matching the description received from dispatch, later identified as Olango. Defendant City of El Cajon admits that Gonsalves eventually drew his firearm after interacting with Olango.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

65.     Answering paragraph 65 of the first amended complaint, Defendant City of El Cajon admits only that Olango was not armed with a "weapon", but Gonsalves was not aware that Olango did not have any weapons on his person until after the incident occurred.  Defendant City of El Cajon admits that Olango was walking around and near a parking lot near a taco shop before the incident occurred.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

66.     Answering paragraph 66 of the first amended complaint, Defendant City of El Cajon admits that he fired his firearm at Olango, that Olango was struck by the bullets fired by Gonsalves and that Olango subsequently died. Defendant City of El Cajon denies all other allegations contained in this paragraph.

67.     Answering paragraph 67 of the first amended complaint, Defendant City of El Cajon admits that Olango was not armed with a "weapon."  Defendant City of El Cajon denies all other allegations contained in this paragraph.

68.     Answering paragraph 68 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations.  Thus, no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

69.     Answering paragraph 69 of the first amended complaint, Defendant City of El Cajon admits that Olango was shot and killed on September 27, 2016. Defendant City of El Cajon denies all remaining allegations contained therein.

70.     Answering paragraph 70 of the first amended complaint, Defendant City of El Cajon avers that the allegations of said paragraph state a legal conclusion and do not contain any substantive or factual allegations.  Thus, no response is required.  However, to the extent that this paragraph contains substantive or factual allegations, Defendant City of El Cajon denies each and every allegation contained therein.

71.     Answering paragraph 70 of the first amended complaint, Defendant City of El Cajon does not have sufficient information to admit or deny the allegations regarding funeral and burial expenses.  Defendant City of El Cajon denies all other allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to each cause of action therein, Defendant City of El Cajon asserts the following:

///

///

///

12

1.

FIRST AFFIRMATIVE DEFENSE

The first amended complaint fails to state a claim against Defendant City of El Cajon upon which relief may be granted.

2.

SECOND AFFIRMATIVE DEFENSE

Any loss or damages sustained by plaintiffs were in whole or in part due to the acts or omission by the decedent, and plaintiffs' award, if any, should be reduced by the proportional share of the decedent's negligence, fault, recklessness, or unlawful conduct.

3.

THIRD AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that at all times relevant hereto, that its employees acted in good faith, without malice, upon a reasonable belief that the decedent was threatening the safety and life of him and other persons in the area.

4.

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages and should be barred from recovery of such amounts.

5.

FIFTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon is not liable for any act or omission resulting from the use of due care in the execution or enforcement of the law.

6.

SIXTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that at all times relevant hereto, its employees acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to the applicable statutes, rules and

regulations within the bounds of reason, and with the good faith believe that their actions comported with all applicable federal and state laws.

7.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that the acts complained of by plaintiffs were provoked by the decedent's unlawful and wrongful conduct, and the force and/or physical contact, if any, used was not excessive or unreasonable under the circumstances.

8.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that plaintiffs have failed to bring this action in a timely manner and have otherwise failed to maintain this action within the applicable statute of limitations periods.

9.

## NINTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that plaintiffs failed to comply with California's government claims statutes including but not limited to, Government Code §§ 810 through 996.6, inclusive, and is, therefore, precluded from recovery on any state law causes of action.

10.

## TENTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that any and all force and/or physical contact complained of in plaintiffs' first amended complaint was exercised reasonably in defense of self and/or others.

11.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that it is immune or otherwise privileged from liability under the provisions of California Government Code

14

sections 820.2, 820.4, Civil Code section 43 and 50 and California Penal Code section 197.

12.

TWELFTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that if and to the extent the allegations of the first amended complaint attempt to enlarge upon the allegations in the government claim presented to this answering defendant, if any, the first amended complaint fails to state a cause of action and is barred by the claims statute.

13.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that plaintiff' and/or decedent's rights, privileges, and immunities secured under the Constitution and/or laws of the United States, have not been violated by any alleged conduct of this answering defendant or its employees.

14.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

15.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant City of El Cajon alleges that the decedent acted unreasonable, carelessly, and/or negligently in and about the matters alleged in the first amended complaint, in that the decedent did not exercise ordinary care, caution, or prudence for his own safety and protection.  These acts of unreasonableness, carelessness, and/or negligence were the proximate cause of the alleged injuries, losses, and damages, if there were any.  However, if defendant is found legally responsible to plaintiffs, then defendant provisionally alleges that its employees

acts or omissions were not the sole and proximate cause of plaintiffs' injuries and damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

16.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in party by the doctrine of collateral estoppel.

17.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in party by the doctrine of waiver.

18.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in party by the doctrine of unclean hands.

19.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' lack standing to state any claim under section 1983 of Title 42 of the United States Code against this answering defendant.

20.

## TWENTIETH AFFIRMATIVE DEFENSE

At the time and place referenced in the first amended complaint, and before such event, decedent knew, appreciated and understood each and every risk involved in placing himself in the position when he assumed willingly and voluntarily assumed each of said risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

///

///

16

21.

<u>TWENTY FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

22.

<u>TWENTY SECOND AFFIRMATIVE DEFENSE</u>

Defendant City of El Cajon alleges that its employees conduct at all times material herein was privileged and/or justified under the applicable law.

<u>TWENTY THIRD AFFIRMATIVE DEFENSE</u>

The complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

24.

<u>TWENTY FOURTH AFFIRMATIVE DEFENSE</u>

Defendant City of El Cajon is informed and believes, and thereon affirmatively alleges, that it has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent. Defendant also reserves the right to amend its answer and/or affirmative defenses if he determines that they become inapplicable under the facts of this case.

**<u>PRAYER</u>**

WHEREFORE, Defendant City of El Cajon prays that judgment be entered in its favor as follows:

1.     That the first amended complaint be dismissed with prejudice;

2.     That plaintiffs' takes nothing by way of their first amended complaint;

3.     That Defendant City of El Cajon be awarded its costs of suit and reasonable attorneys' fees herein; and

4.      That Defendant City of El Cajon recover such other and further relief as the court deems proper.

Dated: September 8, 2017                    Daley & Heft, LLP


By: /s/ Mitchell D. Dean

Mitchell D. Dean
Lee H. Roistacher
Heather E. Paradis
Attorneys for Defendant
CITY OF EL CAJON
E-mail: mdean@daleyheft.com
                lroistacher@daleyheft.com
                hparadis@daleyheft.com

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

## **Demand for Jury Trial**

2
Defendant City of El Cajon hereby demands a trial by jury.

3
Dated: September 8, 2017                        Daley & Heft, LLP

4

5

6
By:  */s/ Mitchell D. Dean*

7
Mitchell D. Dean
Lee H. Roistacher

8
Heather E. Paradis
Attorneys for Defendant

9
CITY OF EL CAJON
E-mail: mdean@daleyheft.com

10
lroistacher@daleyheft.com

11
hparadis@daleyheft.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19